57 F.3d 1080
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Santiago FRANCO, Plaintiff-Appellant,
v.
Bill P. LANE, Sheriff; Forrest Bostick, Administrator, Lea
County Detention Center; Lea County Detention
Facility, Medical Staff, Defendants-Appellees.
 No. 95-2039.
(D.C. No. CIV-94-1008 JP/DJS)
 United States Court of Appeals, Tenth Circuit.
 June 14, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from an order dismissing a pro se 1983 complaint for failure to state a claim. The complaint asserted the defendant county sheriff and the administrator of the medical staff of the jail in which the plaintiff was held prisoner were negligent in providing medical attention to plaintiff. The complaint prayed for damages for future medical care and past pain and suffering in the amount of $250,000.
 
 
 3
 The district court dismissed the complaint because plaintiff failed to respond to defendants' motion to dismiss and because the complaint failed to state a valid claim on the merits. Plaintiff then filed a "motion to amend judgment" which the district court denied, explaining the complaint had been dismissed on the merits because plaintiff had failed to assert deliberate indifference in the provision of medical treatment. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). The court further pointed out plaintiff failed to claim either defendant had "personal involvement" in the actions of which he complained. Meade v. Grubbs, 841 F.2d 1512, 1527-28 (10th Cir.1988). For these reasons, the court held, plaintiff failed to state a claim for monetary damages and denied the motion to amend judgment. This appeal followed.
 
 
 4
 We agree with the district court's analysis for the reasons it stated. Indeed, the standard under which claims of improper medical care of prisoners is to be judged is that of deliberate indifference. Wilson v. Seiter, 111 S.Ct. 2321, 2327 (1991). Nowhere in the complaint, or in the document filed in support of his motion to amend judgment, did the plaintiff assert any facts meeting the standard of proof. Albeit in the brief in support of his motion to amend the judgment he stated defendants "failed to address Plaintiff [sic] medical and dental problems due to their deliberate indifference," that statement is merely a conclusory contention unsupported by fact.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470