UNITED STATES COURT OF APPEALS
TENTH CIRCUIT
**Filed 3/26/96**

SANTIAGO FRANCO, )
)
    Plaintiff-Appellant, )
)
vs. ) No. 95-2201
) (D.C. No. CIV-95-868-HB)
CITY OF LOVINGTON, LEA COUNTY, ) (D. N.M.)
FORREST BOSTICK, Director, Lea County )
Detention Facility; BILL P. LANE, Sheriff, )
Lea County, )
)
    Defendants-Appellees. )

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

Plaintiff Santiago Franco brought a 42 U.S.C. § 1983 civil rights action alleging

Defendants violated his Fourteenth Amendment Due Process rights by denying him

medical treatment. The district court dismissed Plaintiff's complaint as frivolous

pursuant to 28 U.S.C. § 1915(d). We exercise jurisdiction under 28 U.S.C. § 1291 and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

affirm.

In his complaint, Plaintiff maintained that Defendants violated his Due Process rights by denying him medical treatment on numerous occasions between January and October 1994. The district court dismissed the portion of Plaintiff's claim dealing with alleged medical treatment deprivations between January and August 1994 on res judicata grounds. The court noted that Plaintiff did not raise a Due Process claim in a prior negligence action he filed against Defendants, although that suit was predicated on the same factual allegations of medical deprivations between January and August 1994. See Franco v. Lane, No. 95-2039, 57 F.3d 1080 (Table), 1995 WL 355228, at *1 (10th Cir. June 14, 1995). The court dismissed the portion of Plaintiff's claim dealing with alleged medical deprivations between September and October 1994 on the grounds that Plaintiff had not demonstrated "'deliberate indifference to serious medical needs.'" See id. (affirming district court's dismissal of Plaintiff Franco's complaint because Plaintiff failed to allege Defendants acted with deliberate indifference); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), cert. denied, 450 U.S. 1041 (1981). We have examined the entire record on appeal and affirm for substantially the same reasons set forth in the district court's order.

AFFIRMED.

Entered for the Court,

Bobby R. Baldock
United States Circuit Judge